# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2010

Lyle W. Cayce
Clerk

No. 09-50740
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARREON GUERRERO, also known as Juan Carreon-Guerrero, also known as Juan Careon, also known as Juan Mendez, also known as Juan Melindez, also known as Juan Carreon, also known as Juan Guerrero, also known as Juan C. Guerrero, also known as Roberto Martinez, also known as Jose Perez, also known as Juan Carrean Guerrero, also known as Juan Carreon G, also known as Juan De Dios Carreon-Guerrero, also known as Juan Guerrero Carreon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-41-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carreon Guerrero (Carreon) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Carreon argues that his sentence of 60 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, an upward variance three months greater than the top end of his guidelines sentence range, was unreasonable because it was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a). Carreon acknowledges that the district court considered proper sentencing factors in fashioning his sentence, but he asserts that the district court improperly failed to consider his likely need for rehabilitation. He maintains that his history of sexual misconduct reflected a mental or emotional issue and that the sentence was unreasonable because it did not require diagnosis or treatment for him.

At sentencing, the district court explained that it based the sentence upon the § 3553(a) factors of the nature and circumstances of the offense, Carreon's personal history and characteristics, and the need to protect the public. It noted Carreon's long criminal history, the lewd nature of Carreon's previous offenses, and that Carreon had many prior convictions that did not result in additional criminal history points. While Carreon argues that the district court failed to take into consideration his need for mental or emotional treatment, Carreon averred at rearraignment that he did not have mental problems that would interfere with his understanding of the proceedings, and nothing in the record indicates that a lesser sentence would have allowed Carreon to receive mental or emotional treatment that he would not receive while incarcerated. Given the small extent of the variance, Carreon's criminal history and propensity to commit crimes of a sexual nature, and the deference given to district court determinations regarding § 3553(a) factors, Carreon has not shown that the sentence constituted an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006).

AFFIRMED.